SUMMARY ORDER

Li Ying Wu, a native and citizen of the People’s Republic of China, seeks review of an April 1, 2008 order of the BIA, affirming the May 24, 2006 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Ying Wu, No. A99 076 404 (B.I.A. Apr. 1, 2008), aff'g No. A99 076 404 (Immig. Ct. N.Y. City May 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Xian Tuan Ye v. DHS, 446 F.3d 289, 293, 296 (2d Cir.2006); see also Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See Xiu Xia Lin v. Mulcasey, 534 F.3d 162, 165-66 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Here, the BIA did not err in finding that Wu was ineligible for relief from removal where his application for relief was based on his wife’s purported forced abortion. Indeed, in Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007), we held that the definition of “refugee,” under 8 U.S.C. § 1101(a)(42), does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. Shi Liang Lin, 494 F.3d at 309-10. Accordingly, in order for the spouse of an individual who was forcibly aborted or sterilized to be eligible for asylum, the spouse must independently “prove past persecution or a fear of future persecution for ‘resistance’ that is directly related to his or her own opposition to a coercive family planning policy.” Id. at 313.
Despite ample opportunity at his hearing before the IJ, Wu never alleged personal acts of resistance to the family planning policy. Thus, the factual record in this case was “adequately developed” with respect to the issue of other resistance. See Shu Wen Sun v. BIA, 510 F.3d 377, 381 n. 5 (2d Cir.2007) (quoting Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007)). Accordingly, as Wu was unable to show the objective likelihood of persecution needed to support an asylum claim, the agency’s denial of withholding of removal and CAT relief was proper where each claim rested on his wife’s purportedly forced abortion. See 8 C.F.R. §§ 208.13(b), 208.16(b)(1); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
Because Wu does not qualify for relief from removal as a matter of law under Shi Liang Lin, we need not address his challenges to the agency’s adverse credibility determination.
*379 For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.